Justice Breyer,
concurring.
I join the Court’s opinion because I believe that the Federal Communications Commission’s decision falls within the scope of its statutorily delegated authority — though perhaps just barely. I write separately because I believe it important to point out that Justice Scalia, in my view, has wrongly characterized the Court’s opinion in United States v. Mead Corp., 533 U. S. 218 (2001). He states that the Court held in Mead that “some unspecified degree of formal process” before the agency “was required” for courts to accord the agency’s decision deference under Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (1984). Post, at 1015 (dissenting opinion); see also ibid. (formal process is “at least the only safe harbor”).
Justice Scalia has correctly characterized the way in which he, in dissent, characterized the Court’s Mead opinion. 533 U. S., at 245-246. But the Court said the opposite. An *1004 agency action qualifies for Chevron deference when Congress has explicitly or implicitly delegated to the agency the authority to “fill” a statutory “gap,” including an interpretive gap created through an ambiguity in the language of a statute’s provisions. Chevron, supra, at 843-844; Mead, supra, at 226-227. The Court said in Mead that such delegation “may be shown in a variety of ways, as by an agency’s power to engage in adjudication or notice-and-comment rulemaking, or by some other indication of a comparable congressional intent.” 533 U. S., at 227 (emphasis added). The Court explicitly stated that the absence of notice-and-comment rule-making did “not decide the case,” for the Court has “sometimes found reasons for Chevron deference even when no such administrative formality was required and none was afforded.” Id., at 231. And the Court repeated that it “has recognized a variety of indicators that Congress would expect Chevron deference.” Id., at 237 (emphasis added).
It is not surprising that the Court would hold that the existence of a formal rulemaking proceeding is neither a necessary nor a sufficient condition for according Chevron deference to an agency’s interpretation of a statute. It is not a necessary condition because an agency might arrive at an authoritative interpretation of a congressional enactment in other ways, including ways that JUSTICE Scalia mentions. See, e. g., Mead, supra, at 231. It is not a sufficient condition because Congress may have intended not to leave the matter of a particular interpretation up to the agency, irrespective of the procedure the agency uses to arrive at that interpretation, say, where an unusually basic legal question is at issue. Cf. General Dynamics Land Systems, Inc. v. Cline, 540 U. S. 581, 600 (2004) (rejecting agency's answer to question whether age discrimination law forbids discrimination against the relatively young).
Thus, while I believe Justice Scalia is right in emphasizing that Chevron deference may be appropriate in the ab *1005 sence of formal agency proceedings, Mead should not give him cause for concern.